CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
October 30, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **LOGAN DEMITRIUS MILES,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:26CV00176 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **CORRECTIONAL OFFICER SIMPSON, et al.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| | ) | |
| Defendants. | ) | |

*Logan Demitrius Miles, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights surrounding a use of force incident. Upon review, I conclude that certain claims must be dismissed under 28 U.S.C. § 1915A(b)(1), and the remaining claims will be served.

## I. PLAINTIFF'S COMPLAINT.

One morning while housed at River North Correctional Center,[1] Miles alleges that defendant Walker refused to open his cell so that he could "walk to chow" and receive a meal tray. Compl. 5, Dkt. No. 1. Shortly thereafter, while defendant nurse

---

[1] Miles claims that the events at issue occurred around 8:45 a.m. on November 13. He does not specify the year, but at this time, I will assume based on the date the Complaint was filed that the alleged incident occurred on November 13, 2025.

Latham was conducting the morning "pill call," Miles expressed his frustration to defendant correctional officer Simpson. *Id.* Simpson then "began to assault" Miles by "repeatedly slamming the [tray] slot closed on [his] arm while holding [his] hand so [he] couldn't pull back," stating, "'I'm going to break this muthafucka off in the slot you grievance writing bitch.'" *Id.* Miles claims that defendant intel officer Taylor assisted Simpson in closing the tray slot on his arm and told him that he would get a meal tray if Miles would put his arm back in the slot. According to Miles, he never received a meal tray, despite asking Walker to call the kitchen.

Miles further claims that he had two abrasions on his right arm, and "was denied medical care when [he] asked Officer Simpson to see medical." *Id.* at 6. He alleges that this incident was in retaliation for writing a grievance regarding a prior incident when a different officer slammed his finger in the tray slot.

Based on these allegations, Miles brings claims against the defendants under § 1983 for violations of the Eighth Amendment, First Amendment, and Fourteenth Amendment to the United States Constitution.

## II. Discussion.

Pursuant to 28 U.S.C. § 1915A, upon review of a civil action initiated by a prisoner, courts may "identify cognizable claims or dismiss the complaint, or any portion of the complaint" should it be determined that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §

1915A(b)(1). A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim includes factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Miles presents his claims under 42 U.S.C. § 1983, a statute that permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). I conclude that certain defendants and claims must be summarily dismissed for Miles's failure to state a claim upon which relief may be granted.

First, Miles claims that Walker refused to provide his morning meal tray when he asked for it on two occasions. It is true that "the Eighth Amendment imposes a duty on prison officials to 'provide humane conditions of confinement . . . [and] ensure that inmates receive adequate food, clothing, shelter, and medical care.'" *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). But, without more, missing an occasional meal does not constitute cruel and unusual punishment under the Eighth Amendment. *See White v. Gregory*, 1 F.3d 267, 269 (4th Cir. 1993) (rejecting as "meritless" a claim based on receiving only two meals a day and being entirely deprived of the normal third meal on weekends and holidays). To the extent that Miles attempts to assert that the

failure to provide a meal was an action taken in retaliation for his prior grievance filings, the deprivation of a meal is merely an inconvenience and does not constitute an adverse action that would chill Miles's constitutional exercise. *See Joyner v. Byington*, No. 7:15CV00526, 2016 WL 6998686, at *5 (W.D. Va. Nov. 30, 2016) (citing *Daye v. Rubenstein*, 417 F. App'x 317, 319 (4th Cir. 2016) (unpublished) for the proposition that a "mere inconvenience" is insufficient to show that "the conduct complained of adversely affected" a plaintiff's constitutional rights under a claim of retaliation). Accordingly, Miles's claims against Walker will be dismissed.

Second, although Miles names Latham as a defendant, he fails to ascribe any misconduct to her. Indeed, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). The only mention of Latham in the Complaint is that she was the nurse conducting pill call on the morning of the alleged assault. And, although Latham is a nurse and Miles claims that he was later denied medical treatment, he attributes the denial of his request for medical attention to Simpson—not Latham. Even construing Miles's Complaint liberally, he fails to assert any factual allegations regarding Latham's role in any injury he experienced in order for me to discern that she may have been deliberately indifferent to his medical needs or otherwise violated his constitutional rights in some manner. *See Heyer v. U.S.*

*Bureau of Prisons*, 949 F.3d 202, 209–10 (4th Cir. 2017) (explaining that to state a claim for deliberate in difference to medical needs, a plaintiff must show "that he had serious medical needs . . . and that the defendant acted with deliberate indifference to those needs"); *see also Beaudett v. Cty of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 2009) (concluding that district courts are not required "to conjure up questions never squarely presented to them"). Ultimately, Miles has failed to state a constitutional claim against Latham, and any claims against her will be dismissed.

Furthermore, Miles asserts that his "right to have grievances investigated" has been violated. Compl. 5, Dkt. No. 1. However, "prisoners do not have a constitutional right of access to a grievance process." *Daye*, 417 F. App'x at 319 (citing *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994)). And prison officials cannot be held liable for their participation in grievance proceedings. *Pace v. Dillman*, No. 7:21CV00648, 2023 WL 6147791, at *5 (W.D. Va. Sept. 20, 2023). Similarly, an inmate does not have a constitutional right to an investigation under § 1983. *See Gilliam v. Sealey*, 932 F.3d 216, 240 (4th Cir. 2019) ("[T]here is no independent constitutional right to investigation of a third party."). Therefore, Miles has failed to state a viable claim in this regard, and it will be dismissed.

Finally, Miles lists the Due Process Clause of the Fourteenth Amendment as one of the constitutional rights that he claims has been violated. The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any

person of life, liberty, or property, without due process of law." U.S. Const. amend XIV § 1. To establish a due process violation, a prisoner must demonstrate that (1) he had a protected liberty interest, and (2) the defendant failed to afford minimally adequate process to protect that liberty interest. *Thorpe v. Clarke*, 37 F.4th 926, 941 (4th Cir. 2022). Without a federally protected interest at stake, the inmate has no federal claim to particular procedural protections. *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015). Miles fails to point to a federally protected liberty interest, merely making a passing reference to a due process violation. Such conclusory allegations simply cannot survive review under § 1915A(b)(1). *See Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023) ("[T]he court need not accept . . . 'conclusory statements.'") (quoting *Iqbal*, 556 U.S. at 678)). Thus, Miles's due process claims will be dismissed.

Based on the foregoing, the only claims that will survive at this juncture are (1) Miles's claims against Simpson for excessive force, deliberate indifference to his medical needs, and retaliation for his filing of grievances; and (2) Miles's claims against Taylor for excessive force and retaliation.

## III. CONCLUSION.

For the reasons stated, it is **ORDERED** as follows:

1. Miles's claims against defendants Walker and Latham are DISMISSED, and the Clerk will terminate them as parties to this case;

2. Miles's claims regarding his asserted right to have grievances investigated are DISMISSED;

3. Miles's due process claims are DISMISSED;

4. The Clerk will cause notice of this action pursuant to Rule 4 of the Federal Rules of Civil Procedure and the Agreement on Acceptance of Service as to the remaining defendants, who may respond only to Miles's excessive force, deliberate indifference, and retaliation claims;

5. The court having previously assessed a filing fee in this case, and Miles having returned an executed Inmate Consent to Withholding form, Miles is granted leave to proceed in forma pauperis to the extent Miles will not pay for service of process and may pay the filing fee via installments;

6. The Clerk is directed to forward a copy of Miles's signed consent to withholding form to the Trust Accounts Officer at Miles's current place of confinement;

7. The collection of the filing fee shall commence. The Trust Accounts Officer at Miles's current place of confinement, and at all subsequent places of confinement, is hereby authorized to collect the fees as agreed to by Miles on the signed consent form, and to remit such fees in accordance with 28 U.S.C. § 1915(b). The Trust Accounts Officer at

Miles's present institution is requested to place the signed consent to withholding form in Miles's file so that it might accompany the inmate in the event of his transfer. Should Miles be transferred to another institution, the balance due for the civil action will be inserted in Miles's file so that the appropriate officer at the next institution will remit the debt owed to the Clerk, U.S. District Court, 210 Franklin Road SW, Suite 540, Roanoke, Virginia 24011-2208. The Trust Accounts Officer is requested to reference the case number of this action on payments sent to the court;

8. The parties are advised that briefs, motions, and responses thereto shall be filed in compliance with the Federal Rules of Civil Procedure and the court's Local Rules;

9. Miles shall notify the court immediately upon his release or transfer and shall provide his new address. Failure to notify the court of such a change of address in writing will result in the dismissal of this case; and

10. The parties are advised that pursuant to a Standing Order of Court, all non-dispositive matters in this case will be referred to a United States Magistrate Judge.

ENTER: October 30, 2026

/s/ James P. Jones
Senior United States District Judge